Argued and submitted April 11, affirmed July 30, petition for review denied December 10, 2008 (345 Or 460)

Stanley M. LEE,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and O'Neill's Tools, Inc.,
*Respondents.*

Employment Appeals Board
07AB0969; A136030

190 P3d 453

Roger Hennagin argued the cause and filed the brief for petitioner.

Richard Wasserman, Attorney-in-Charge, waived appearance for respondent Employment Department.

No appearance for respondent O'Neill's Tools, Inc.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks review of an order of the Employment Appeals Board (board) concluding that pretax amounts withheld from claimant's paycheck and paid by employer on claimant's behalf into a "cafeteria plan" under section 125 of the Internal Revenue Code, 26 USC § 125 (2000), are excluded from claimant's wage credits under ORS 657.115(2) for the purpose of calculating claimant's weekly unemployment compensation benefit. We conclude that the board did not err in excluding those wages and affirm.

Employers are permitted under section 125 of the Internal Revenue Code to establish cafeteria plans, through which they can offer a variety of employee benefits, some with tax advantages. An employer's contributions to a cafeteria plan may be made pursuant to a salary reduction agreement, by which an employee agrees to contribute a portion of his or her salary on a pretax basis to pay for "qualified" benefits. For federal income tax purposes, salary reduction contributions are not actually or constructively received by the participant and are not considered wages; additionally, those sums are not subject to Social Security taxes (FICA) and federal unemployment taxes (FUTA). *See* 26 USC §§ 3121(a)(5)(G), 3306(b)(5)(G).

In order for a participant in a cafeteria plan to avoid constructive receipt of taxable benefits for federal income tax purposes, the plan must offer an election, and, before the beginning of the plan year, the participant must elect the amounts and types of benefits to be received. After a participant has elected and begun to receive benefits under the plan, the plan may not allow the participant to revoke the benefit election during the period of coverage, except in certain limited circumstances. Treas Reg § 1.125-4.

Claimant worked for employer full time during the fourth quarter of 2005 and the first three quarters of 2006, at an annual salary of $31,200. During that period, employer offered a cafeteria plan from which its employees could select certain taxable "cash benefits" and "qualified" nontaxable benefits. From the options available to him, claimant elected health insurance coverage—a "qualified" benefit. Over and

above claimant's salary, employer paid one-half of claimant's personal health insurance premium and, with pretax dollars withheld from claimant's salary, employer paid the other half of claimant's premium and the premium for his family. Claimant and employer entered into a salary reduction agreement whereby claimant agreed to forgo the portion of his salary necessary to pay the insurance premium, and employer agreed to pay those dollars tax-free into the plan. During the plan year, claimant's election was irrevocable.

For the period at issue, from claimant's biweekly check of $1,300 before taxes, employer withheld approximately $386 as claimant's pretax contribution to his health insurance premiums, for a total contribution of approximately $9,285. During that same period, employer contributed an additional $1,836 into the cafeteria plan over and above claimant's salary, for half of claimant's personal health insurance premiums. Both of those amounts were excluded from claimant's gross income for federal tax purposes and, hence, were tax-free.

Claimant lost his employment during 2006 and sought unemployment benefits. In calculating claimant's wages under ORS 657.105 for the purpose of determining his weekly benefit, the Employment Department (department) excluded the $9,285 paid by employer into the cafeteria plan, for a net base-year wage of $21,915.

Claimant requested a hearing, and an administrative law judge (ALJ) for the Office of Administrative Hearings affirmed the department's decision. The board, in turn, affirmed the ALJ's decision, and claimant seeks judicial review.

In determining whether the payments made by employer into the cafeteria plan on claimant's behalf should be treated as "wages," we begin with the pertinent statutory provisions. ORS 657.105(1) provides:

"As used in this chapter, unless the context requires otherwise, and subject to ORS 657.115 to 657.140, 'wages' means all remuneration for employment, including the cash value, as determined by the Director of the Employment Department under the regulations of the director, of all remuneration paid in any medium other than cash."

Certain payments made by an employer are excluded from the definition of wages. ORS 657.115 provides, in part:

"(1) 'Wages' does not include the amount of any payment made to, or on behalf of, an individual or any of the individual's dependents on account of:

"* * * * *

"(c) Medical or hospitalization expenses in connection with sickness or accident disability.

"* * * * *

"(2) For purposes of this section, *'payment made' includes amounts paid by an employing unit for insurance or annuities or into a fund.*"

(Emphasis added.) The department treated the amount withheld from claimant's wages pursuant to the salary reduction agreement and paid by employer into the cafeteria plan as an "amount[ ] paid by an employing unit for insurance," ORS 657.115(2), and excluded it from claimant's wages pursuant to ORS 657.115(1).

Claimant challenges the board's determination as inconsistent with ORS 657.105 and ORS 657.115(2). Claimant complains that, although employer *technically* paid the funds into the cafeteria plan, it was claimant's money that employer used to make the payments, and the payments therefore do not constitute payments "by an employing unit." In claimant's view, only payments that the employer makes with its own funds over and above the employee's regular salary are payments made "by an employing unit" for purposes of ORS 657.115(2). Claimant reasons, further, that the funds were his own because he retained the right to determine the payee and the amount of his cafeteria plan contribution.

The difficulty with claimant's reasoning is that, by virtue of claimant's election of benefits and salary reduction agreement, the amount of claimant's pretax contribution to the cafeteria plan was withheld from his salary with his permission. Those funds were not paid to claimant and he did not have or control them. He could make no changes in his election for the plan year. As claimant concedes, the payments to the cafeteria plan were, as a matter of fact, made by

employer—not by claimant; accordingly, we conclude that they were payments made "by an employing unit" under the literal terms of the statute. We therefore affirm the board's determination that the $9,285 that employer withheld from claimant's wages and paid into the cafeteria plan for health insurance for claimant and his family in accordance with the salary reduction agreement must be deducted from claimant's total wages calculated under ORS 657.105.[1]

Affirmed.

---

[1] Fundamentally, amounts that are withheld from wages under a cafeteria plan are *not* amounts on which employers pay Social Security or unemployment taxes. To be consistent with that principle, the amounts that are withheld from wages under a cafeteria plan also should not be included in the calculation of wages for payment of unemployment benefits. Oregon's unemployment tax statutes bear this out. The definition of wages in ORS 657.115 applies to the calculation of unemployment taxes paid by employers, ORS 657.095, *and* to the calculation of unemployment benefits paid to employees, ORS 675.150. *See* ORS 657.105. Consequently, the wage used to calculate unemployment taxes is the same wage used to calculate unemployment benefits. Claimant's argument loses sight of this essential feature of cafeteria plans: amounts withheld from wages under such plans are not amounts on which unemployment taxes *or* benefits are calculated.